IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NETLIST, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:20-cv-00194-ADA |
| SK HYNIX INC. and SK HYNIX AMERICA INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO TRANSFER VENUE PURSUANT TO THE FIRST-TO-FILE RULE OR, ALTERNATIVELY, 28 U.S.C. § 1404(a)

**Table of Contents**

I.      The Pending Cases in California Satisfy any Threshold Requirement for Transfer........... 1

II.     Transfer Is Warranted Pursuant to the First-To-File Rule ................................................. 2

III.    Transfer is Also Warranted Under Section 1404(a) ......................................................... 4

IV.     In The Alternative, This Case Should Be Transferred to Austin ....................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adv. Processor Techs. LLC v. Amtel Corp.*,
No. 2:12-cv-152, 2013 WL 1279053 (E.D. Tex. Mar. 26, 2013) ..............................................5

*In re ASM Int'l, N.V.*,
774 Fed. App'x 650 (Fed. Cir. 2019) .........................................................................................3

*Aventis Pharms. Inc. v. Teva Pharms. USA Inc.*,
No. 06-469, 2007 WL 2823296 (E.D. Tex. Sept. 27, 2007) ...................................................2, 3

*Candela Corp. v. Palomar Med. Techs., Inc.*,
No. 06-277, 2007 U.S. Dist. LEXIS 19994 (E.D. Tex. Feb. 22, 2007) ..................................2, 3

*Cummins-Allison Corp. v. Glory Ltd.*,
No. 03-358, 2004 U.S. Dist. LEXIS 13839 (E.D. Tex. May 26, 2004) ...............................2, 3, 4

*Datamize, Inc. v. Fid. Brokerage Servs., LLC*,
No. 03-321, 2004 U.S. Dist. LEXIS 29100 (E.D. Tex. Apr. 22, 2004) .....................................3

*Document Generation Corp. v. Allscripts*,
No. 08-479, 2009 U.S. Dist. LEXIS 149038 (E.D. Tex., May 19, 2009) ..................................3

*Garmin Ltd. v. TomTom, Inc.*,
No. 06-338, 2007 U.S. Dist. LEXIS 15214 (E.D. Tex. Mar. 5, 2007) .......................................3

*j2 Glob. Commun's., Inc. v. Protus IP Sols., Inc.*,
No. 08-211, 2008 U.S. Dist. LEXIS 103609 (E.D. Tex. Dec. 23, 2008) ...................................3

*Leach v. Day To Day Imports, Inc.*,
No. 17-7351, <u>ECF No. 50</u> (C.D. Cal. Nov. 14, 2017) ...............................................................2

*Tinnus Enters., LLC v. Telebrands Corp.*,
No. 15-551, 2015 U.S. Dist. LEXIS 178419 (E.D. Tex. Aug. 31, 2015) ...................................3

**Statutes and Rules**

28 U.S.C. § 1404(a) ..............................................................................................................1, 2, 4, 5

Fed R. Civ. P. 45 .............................................................................................................................5

Fed. R. Civ. P. 45(c)(1)(B) ............................................................................................................5

Fed. R. Civ. P. 45(c)(1)(B)(ii) .......................................................................................................5

iii

Local Rule CV-5(b) ....................................................................................................................1

Netlist's opposition [ECF No. 27] does not dispute that (i) the California actions involve the same parties, accused products, infringement theories, and discovery that would be needed in this action, *see* Mot. [ECF No. 26] at 6, 8–9 & nn.6–7; (ii) the patents asserted here are continuations of the patents asserted in California, with the same specification, inventor, and priority date, *see* Mot. at 5; and (iii) the claims asserted here were found by the Patent Office to be "not patentably distinct" from those asserted in California, *see* Mot. at 5 & n.4.  Netlist repeatedly suggests it will no longer litigate the patents in California given the PTAB's Final Written Decisions of invalidity, but at the same time Netlist has refused to dismiss those patents with prejudice and instead has filed an appeal in the Federal Circuit, *see* Ex. 39,[1] which is why both of Netlist's California actions remain pending.  And Netlist does not even mention, let alone dispute, that SK hynix's RAND counterclaims in California encompass the two patents asserted here and are likely to moot this case.  *See* Mot. at 1–3, 10.  Even if Netlist were to dismiss its California claims, the RAND counterclaims would still proceed in California, overlapping with this case with respect to essentiality (i.e., infringement) and the calculation of RAND royalties.  *See* Mot. at 10.  Tellingly, Netlist itself successfully persuaded Judge Staton in California ***not*** to bifurcate the RAND counterclaims from its patent claims because that would "burden itself, the parties, third parties, and witnesses with two trials."  Ex. 17 at 3:20; Ex. 18 at 1 (denying bifurcation).  That is precisely why this action should be transferred to Judge Staton under both the "first-to-file" rule and 28 U.S.C. § 1404(a), so that she can resolve all of the claims and counterclaims between the parties in the most efficient manner possible.

## I.     The Pending Cases in California Satisfy any Threshold Requirement for Transfer

Netlist argues that the "threshold" for transfer is not met because it "could not have filed this case" in C.D. Cal.  Opp'n at 1; *see id.* at 10.  But no such "threshold" exists for transfer under the first-to-file rule.  Having sued SK hynix twice in C.D. Cal. on closely related patents, Netlist "waived [its] right to contest venue" when it brought its "initial action in that [venue]."

---

[1] Unless stated otherwise, cited exhibits are attached to the Hatcher Declaration [ECF No. 26-3].

*Leach v. Day To Day Imports, Inc.*, No. 17-7351, ECF No. 50 at 4 & n.1 (C.D. Cal. Nov. 14, 2017).  And with respect to the threshold requirement for transfer under § 1404(a), the proceedings in C.D. Cal. establish that all parties have "consented" to venue in that district.  *Id.* at 4 n.1; Mot. at 11 (citing Ex. 10, ¶ 8; Ex. 13, ¶ 8; Ex. 22, ¶ 8; Ex. 26, ¶ 8).  Moreover, the claims here "might have been brought" in C.D. Cal. because Netlist could have sought leave to amend its complaint in California to add the patents asserted here.  For at least these reasons, transfer is warranted.  If this case is not transferred, it should be stayed or dismissed, *see* Mot. at 8, not proceed as a duplicative case as Netlist would prefer.

## II.    Transfer Is Warranted Pursuant to the First-To-File Rule

Netlist agrees the "first-to-file" rule is governed by Fifth Circuit law, *see* Opp'n at 5 n.4, which directs that "once the district court [finds] that the issues ***might*** substantially overlap, the proper course of action [is] for the court to transfer,"[2] Mot. at 8.  The overlap between the two cases does ***not*** need to be "nearly complete" as Netlist misleadingly suggests.  *See* Opp'n at 5.[3]

Netlist also incorrectly asserts that there is "no case in which a court has invoked the Fifth Circuit first-to-file rule in a case involving different asserted patents."  Opp'n at 1.  To the contrary, transfer under the first-to-file rule was granted in a case where the "patents [asserted in E.D. Tex.] protect[ed] distinct inventions from those involved in the [first-filed] New Jersey actions."  *Aventis Pharms. Inc. v. Teva Pharms. USA Inc.*, No. 06-469, 2007 WL 2823296, at *2 (E.D. Tex. Sept. 27, 2007).  The Court "reject[ed] the suggestion that the cases will not substantially overlap," finding that the parties, infringement theories, and accused products were the same, *see id.*, just like here, *see* Mot. at 6, 8–9 & nn.6–7.

The cases cited by Netlist are easily distinguished.  *See* Opp'n at 6, 8.  They either

---

[2] Unless stated otherwise, all emphasis in quotes has been added.

[3] The cases cited by Netlist confirm this.  *See, e.g.*, *Candela Corp. v. Palomar Med. Techs., Inc.*, No. 06-277, 2007 U.S. Dist. LEXIS 19994, at *3 (E.D. Tex. Feb. 22, 2007) ("[T]he first-to-file rule applies regardless of whether the suits are identical as long as they overlap on substantive issues."); *Cummins-Allison Corp. v. Glory Ltd.*, No. 03-358, 2004 U.S. Dist. LEXIS 13839, at *6 (E.D. Tex. May 26, 2004) ("The cases need not be identical to be duplicative.").

involved unrelated patents or accused products,[4] unrelated defendants,[5] or a previous decision by the first-filed court that it did not want to proceed with the patents asserted in the second-filed court.[6]  In contrast, the facts here align with previous cases granting transfer under the first-filed rule.  *See* Mot. at 9–10;[7] *Aventis*, 2007 WL 2823296, at *2.  As explained above, the California actions "substantially overlap" with this action, as they involve the same parties, products, and infringement theories, and SK hynix's RAND counterclaims encompass the patents asserted here

---

[4] *See In re ASM Int'l, N.V.*, 774 Fed. App'x 650, 651–52 (Fed. Cir. 2019) ("[T]he four patents in the Oregon action were directed to different subject matter than the seven patents in the California action. . . . [T]his case involves different asserted patents, claim terms, and technology than are at issue in the Northern California action."); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 15-551, 2015 U.S. Dist. LEXIS 178419, at *11-12 (E.D. Tex. Aug. 31, 2015) (declining to transfer patent case to earlier suit "invoking separate and distinct legal doctrines" of trademark, copyright, and fraud); *Candela*, 2007 U.S. Dist. LEXIS 19994, at *4-5 (noting the patents at issue had "different claims and specifications" and the second case involved different products); *Document Generation Corp. v. Allscripts*, No. 08-479, 2009 U.S. Dist. LEXIS 149038, at *18-20 (E.D. Tex., May 19, 2009) ("it is not clear that the same set of products had been accused" and the patents are merely continuations-in-part that contain "new matter and different claims," which "could have a substantial impact on claim construction and other issues in the case," including "different infringement arguments and different damages theories"); *j2 Glob. Commun's., Inc. v. Protus IP Sols., Inc.*, No. 08-211, 2008 U.S. Dist. LEXIS 103609, at *21 & n.5 (E.D. Tex. Dec. 23, 2008) ("Defendants have not shown that . . . similar products are at issue. . . . [T]hese cases involve different defendants" and with respect to the one common defendant it "has not shown that the same or similar products will be at issue in both this case and the California case."); *Garmin Ltd. v. TomTom, Inc.*, No. 06-338, 2007 U.S. Dist. LEXIS 15214, at *5-7 (E.D. Tex. Mar. 5, 2007) ("[T]he '378 patent is not in the same family as the patents in the Wisconsin case.").

[5] *Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 03-321, 2004 U.S. Dist. LEXIS 29100 at *11 (E.D. Tex. Apr. 22, 2004) ("different defendants… different accused products, and a different industry").

[6] *Cummins-Allison*, 2004 U.S. Dist. LEXIS 13839, at *2-3, *8-9 (at the urging of the defendants, the first-filed court "refused to allow the additional patents to be added" and instead ruled "they should be the subject of a new cause of action"); *see also Aventis*, 2007 WL 2823296, at *2 (distinguishing *Cummins-Allison* on this basis).  Here, Netlist never asked SK hynix or Judge Staton about adding these patents to the pending California litigation.

[7] Netlist's attempt to distinguish these cases falls short.  *See* Opp'n at 6–7.  Netlist's suggestion that the "first-to-file" rule should only apply to cases "filed close in time" raises a distinction without a difference: the chronological order of the cases—not the absolute length of time between them—is the relevant consideration under a first-to-file analysis.  Nor is there any merit to Netlist's assertion that the Ninth Circuit applies a "more lenient" articulation of the "first-to-file" rule than the Fifth Circuit.  Opp'n at 6–7 & n.5.  As SK hynix explained, the two circuits apply the same rule, *see* Mot. at 9 n.10, and thus the factually analogous cases SK hynix has identified are persuasive authority to which Netlist offers no meaningful response.

and would proceed even if Netlist dismissed its patents in California with prejudice (which it has refused to do).

Netlist incorrectly states "SK hynix has agreed that the parties should not litigate in California, including in the most recent status report." Opp'n at 3.[8]  To the contrary, SK hynix has merely consented to Judge Staton's stated preference that the proceedings in C.D. Cal. be held in abeyance pending resolution of related IPR and ITC proceedings; SK hynix never suggested, much less agreed, that the parties should never litigate in California.  Moreover, the parties' most recent joint status report to Judge Staton explicitly stated that "the parties intend to submit an interim status report addressing the status of this litigation and the stay after [W.D. Tex.] rules on SK hynix's pending motion to transfer." Dkt. 27-4, Ex. 1 at 2:12–:17.  Netlist's complaint that "SK hynix does not ask to consolidate the present case with the California Actions," Opp'n at 9, is equally misplaced because consolidation is an issue for Judge Staton to resolve after transfer, not something to be decided here.  *See, e.g.*, *Cummins-Allison*, 2004 U.S. Dist. LEXIS 13839, at *6-7 (once "substantial overlap" is identified, "the 'first-to-file' rule gives the *first-filed* court the responsibility to determine which case should proceed"); Mot. at 7–8.

## III.   Transfer is Also Warranted Under Section 1404(a)

Transfer under § 1404(a) is also warranted.  *See* Mot. at 11–15.  Netlist does not dispute that the handful of SK hynix employees in Austin are irrelevant to the issues in this case, as

---

[8] Netlist also argues that the California actions have not been "heavily litigated," Opp'n at 1–2, but that is not the test under the first-filed rule, where often the two cases are filed close in time and thus little litigation has taken place in either forum.  In any event, Netlist's argument ignores the substantial discovery and motion practice that has occurred in California.  *See* Mot. at 2–4.  For instance, Judge Staton has issued four opinions totaling dozens of pages that resolved disputed issues, *see* Exs. 16, 18, 21, 25, including one requiring the Judge to conduct "a comparison of [Netlist's] experts' testimony in the ITC trial and in the present declarations [that] show[ed] extensive elaboration and a few entirely new opinions," including regarding the '837 patent, Ex. 21 at 2.  Netlist dismisses most of the discovery in C.D. Cal. as irrelevant because it was part of a cross-use agreement between the ITC and C.D. Cal., *see* Opp'n at 3, 8–9, but that cross-use agreement only *favors* application of the first-to-file rule because it does not apply to this action.  The possibility that this discovery could conceivably (though not necessarily) become available in this case is irrelevant to the first-to-file analysis, as that possibility is true in every case in which the first-to-file rule involves identical parties (which is usually the case).

confirmed by the fact that after years of discovery, dozens of depositions, and two trials involving the same products, theories of infringement, and RAND issues, neither party ever asked any of those employees to testify.  *See* Mot. at 7, 14; Kim Decl. ¶¶ 10–11 [ECF No. 26-4]. And California is clearly more convenient to the witnesses, which is why the vast majority of the depositions took place there, and none took place in Texas.  *See* Hatcher Decl. ¶¶ 6–11 [ECF No. 26-3].  The fact that Netlist's employees sometimes travel to Texas does not change the fact they all live and work in C.D. Cal. where Netlist is headquartered, and they could not be compelled to testify here.[9]  *See also Adv. Processor Techs. LLC v. Amtel Corp.*, No. 2:12-cv-152, 2013 WL 1279053, at *8 (E.D. Tex. Mar. 26, 2013) (discounting where parties "frequently travel" in § 1404(a) analysis).  Regarding the ***nine*** third-party witnesses in California, Netlist misleadingly argues that "Dr. Hyun Lee [the sole inventor on the asserted patents] and Mr. Noel Whitley [the key executive relevant to the RAND issue] both voluntarily participated in the ITC actions," Opp'n at 12, but that was ***before*** they left Netlist, and Netlist provides no reason to believe they would volunteer to travel from C.D. Cal. to Texas now.  Netlist also ignores that two of the three third-party suppliers of the components accused of infringement produced their witnesses in C.D. Cal., *see* Hatcher Decl. ¶ 9 [ECF No. 26-3] (Rambus and Montage), and that the prosecutor of the patents could be compelled to testify in C.D. Cal. but not here, *see* Fed. R. Civ. P. 45(c)(1)(B)(ii).  Netlist does not identify any relevant witnesses in Texas, much less in Waco.

**IV.    In The Alternative, This Case Should Be Transferred to Austin**

Netlist does not provide any cogent justification for why, if the Court retains this case, it should not be transferred to the Austin Division.  The only connections Netlist identifies to this District are the SK hynix employees in Austin discussed above, nothing in Waco.

---

[9] The 2013 amendments to Rule 45 clarified that only "a party or a party's ***officer***" — not a mere employee, like Netlist points to when it argues its personnel travel to Texas, Opp'n at 4 — can be compelled to testify in a state where he "regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(B).  Thus, none of Netlist's witnesses could be compelled to testify here.

Date:  May 26, 2020                    Respectfully submitted,

By:  */s/ Brian R. Nester*

David C. Giardina
Illinois Bar No. 6225008 (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
dgiardina@sidley.com

Theodore W. Chandler
California Bar No. 219456 (*pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
tchandler@sidley.com

Brian R. Nester
DC Bar No. 460225 (*pro hac vice*)
Joseph A. Micallef
DC Bar No. 443679 (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
bnester@sidley.com
jmicallef@sidley.com

Michael D. Hatcher (*pro hac vice*)
Texas Bar No. 24027067
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
mhatcher@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**COUNSEL FOR DEFENDANTS**
**SK HYNIX INC. AND SK HYNIX AMERICA INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 26, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/ Brian R.Nester*
Brian R. Nester