NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**In re: SK HYNIX INC., SK HYNIX AMERICA INC.,**
*Petitioners*

———————————

2021-114

———————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00194-ADA, Judge Alan D. Albright.

———————————

**ON MOTION**

———————————

**O R D E R**

———————————

Before DYK, BRYSON, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In March 2020, Netlist, Inc. sued SK hynix Inc. and SK hynix America Inc. (collectively, "SK hynix," unless otherwise indicated) in the Western District of Texas, asserting infringement of U.S. Patent Nos. 9,858,218 and 10,474,595. In early May, SK hynix moved to transfer venue to the Central District of California, and the papers were complete by the end of May. In January 2021, with no ruling having been issued, SK hynix sought mandamus from this court to compel transfer. We ordered that district court

IN RE: SK HYNIX INC.

proceedings be stayed until the district court ruled on the transfer motion in a reviewable opinion. *In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071 (Fed. Cir. Feb. 1, 2021). The next day, the district court denied the transfer motion, issuing an opinion that explains why. Appx647–63. SK hynix now petitions for mandamus again. We deny the petition, concluding that SK hynix has not shown that the district court clearly abused its discretion.

## I

## A

Netlist and SK hynix have opposed each other on a number of Netlist patents in several forums, including the International Trade Commission and the Patent Trial and Appeal Board (PTAB). At present, four district-court actions by Netlist against SK hynix are pending, each including claims for patent infringement and a counterclaim for breach of contract. Two are in the Central District of California; the present case and one other (consolidated with this one) are in the Western District of Texas.

Several years before filing the Texas actions, Netlist filed two actions against SK hynix in the Central District of California. In the first, filed on August 31, 2016, Netlist alleged that SK hynix infringed six patents, including U.S. Patent No. 8,489,837, by manufacturing, selling, or using certain memory modules. Appx196–215 (Case No. 8:16-cv-01605) (*California I*). SK hynix counterclaimed, alleging that Netlist breached a contractual commitment to offer licenses to a portfolio of Netlist patents, on reasonable and nondiscriminatory (RAND) terms, to implementers of memory-module standards of the Joint Electronic Device Engineering Council (JEDEC). Appx229–49. Netlist filed a second suit against SK hynix in the same forum on June 14, 2017, alleging that SK hynix infringed two other patents, including U.S. Patent No. 9,535,623, which issued from a continuation of the application that issued as the '837 patent. Appx298–310 (Case No. 8:17-cv-01030)

(*California II*).  SK hynix asserted the same JEDEC-based contract counterclaim.  Appx344–51.

Both California actions were fully stayed in February 2018, by which time challenges to patentability in the PTAB were underway.  In 2018 and 2019, in a number of decisions, the PTAB ruled unpatentable all the patent claims asserted in *California I & II*.  *See* Pet. at 8; Appx80–82; SAppx884–85.  Besides the PTAB decision involving the '623 patent, the unpatentability decisions were final and unreviewable before March 2020.  Netlist appealed the decision involving the '623 patent (raising only an Appointments Clause challenge in its short January 2020 brief) but dropped its appeal on June 25, 2020, after the present case was filed (and motion for transfer briefed).  Although SK hynix suggests that Netlist "could attempt to amend its complaint or infringement contentions" in *California I & II* to assert previously unasserted claims of the patents at issue in those cases, Reply at 4, all the patent claims asserted in those actions are now due to be cancelled under 35 U.S.C. § 318(b).  *California I & II* remain pending but inactive.

In the present action, filed on March 17, 2020, Netlist alleged that SK hynix, through its manufacture, use, and sale of the same memory modules as those at issue in the California actions, was infringing the '218 and '595 patents.  Appx27–42 (Case No. 6:20-cv-00194).  Those patents issued from continuations of the application that issued as the '837, and thus are in the same family as the '837 and '623 patents in the California actions, and Netlist alleged that they are essential to practice of JEDEC standards.  Appx27.  SK hynix asserted a JEDEC-based RAND contract counterclaim.  Appx478–501.[1]

---

[1]   On June 15, 2020, Netlist filed another action against SK hynix in the same Texas forum, asserting infringement

B

On May 4, 2020, SK hynix moved to transfer the present case to the Central District of California. Notably, SK hynix moved to transfer the entire case. It neither sought severance of SK hynix Inc. (a foreign entity, to which the venue requirement of 28 U.S.C. § 1400(b) is inapplicable) nor sought transfer of the case against SK hynix Inc. even if there was no transfer of the case against SK hynix America, Inc. (a domestic entity subject to § 1400(b), with headquarters in the Northern District of California). On February 2, 2021, the day after our February 1 mandamus order, the district court denied transfer. Appx647–63. The court rejected the two arguments that SK hynix presses now: that the first-to-file rule and 28 U.S.C. § 1404(a) require transfer to the Central District of California.[2]

As to the first-to-file rule: The court initially concluded that the rule is inapplicable because SK hynix had no presence in the Central District of California sufficient for venue under 28 U.S.C. § 1400(b), so the present case could

---

of U.S. Patent No. 10,217,523. Appx61–73 (Case No. 6:20-cv-00525). That patent, though not in the same family as the '218, '595, '837, and '623 patents, is in the same family as three other patents that were asserted in *California I* (all of whose asserted claims were held unpatentable by the PTAB in now-final rulings). With SK hynix's agreement, the two Texas actions were consolidated, Appx649, and the parties stipulated that a ruling on transfer in the present action "shall be binding upon and have the same effect" in the second Texas action, Appx565.

[2]  28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

not "have been brought" in that forum within the meaning
of § 1404(a).  Appx651 n.2.  (This analysis focused on U.S.-
entity SK America Inc., because the motion sought transfer
only of the entire case, not of the case against foreign-entity
SK hynix Inc. alone.)  The court explained that SK hynix
had cited no authority supporting use of the first-to-file
rule to compel a transfer that would flunk § 1404(a)'s
threshold requirement for the transferee forum—that the
case "might have been brought" there or "all parties have
consented" to adjudicating the case there.  Appx651 n.2.

In any event, the court concluded, considerations of
"extent of overlap," "likelihood of conflict," and "compara-
tive advantage and the interest of each forum in resolving
the dispute" made transfer under the first-to-file rule un-
warranted.  Appx651–54.  Regarding overlap, the court
stated that "[t]ransfer under the first-to-file rule requires
far more than patents from the same family, same parties,
and same accused products," and it discounted SK hynix's
reliance on its RAND counterclaims because "there are no
viable RAND claims pending in the California cases con-
cerning the '837 or '623 patent" given that "the PTAB has
already invalidated both patents."  Appx652.  For that for-
ward-looking reason, and given that the district judge in
*California I & II* stayed those cases before taking any sig-
nificant merits actions, the court determined that there
was little chance of conflict should transfer of the present
case be denied.  Appx652–53.  The court also compared the
two forums' involvement in the case—including its own in-
volvement after the filing of the motion to transfer—and
found no comparative advantage or interest of the Califor-
nia forum.  Appx653–54.  On those bases, the court con-
cluded: "all three factors weigh against transfer under the
first-to-file rule."  Appx654.

As to transfer under § 1404(a): The court explained
that SK hynix failed to establish "the threshold require-
ment," namely, either that the present action "might have
been brought" in the Central District of California (where

SK hynix America Inc. lacks the presence required by
§ 1400(b)) or that "all parties have consented" to that venue
for this action, § 1404(a). *See* Appx656. The court noted
that SK hynix did not dispute the inapplicability of the
"might have been brought" basis, but relied only on the al-
ternative threshold basis, arguing that "all parties have
consented" to venue in the Central District of California
over the present case. *Id.* (internal quotation marks omit-
ted). The district court rejected that contention. It noted
Netlist's objection to the current transfer motion and ob-
served that SK hynix had "cited no mandatory or persua-
sive authority to show that by filing suits in CDCA [the
Central District of California] . . . , Netlist has automati-
cally consented to venue in that district for any following
suits involving different patents." *Id.*

In the alternative, the court analyzed the public- and
private-interest factors relevant under § 1404(a). It con-
cluded that SK hynix had not shown that the Central Dis-
trict of California is "'clearly more convenient'" than the
Western District of Texas. Appx657. Specifically, the court
determined that four factors weighed against transfer and
four factors were neutral. Appx661. For example, the
court determined that SK hynix had no presence in the
Central District of California, but it did have an office and
a major customer in the Texas forum; that SK hynix had
no documents in the California forum; that two former
Netlist employees (an inventor and licensing officer), who
are potential witnesses and who allegedly live in the Cali-
fornia forum, were not shown to be unwilling to testify vol-
untarily; the costs of attending proceedings are not
materially different between the forums; that, although
Netlist is headquartered in the California forum, Netlist
itself took that into account in choosing the Texas forum;
and that the Texas forum is likely to be faster in adjudicat-
ing the matter. Appx657–60. The court also again cited its

own experience with the case since the filing and briefing of the motion to transfer. Appx660.[3]

SK hynix petitioned for mandamus. SK hynix also moved for a stay of the proceedings because the district court sua sponte moved the claim-construction hearing scheduled for March 18, 2021, to March 1, 2021, and advanced the trial date.

## II

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "In general, three conditions must be satisfied for a writ to issue: (1) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; (2) the petitioner must have no other adequate method of attaining the desired relief; and (3) the court must be satisfied that the writ is appropriate under the circumstances." *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). We ask whether the denial of transfer was such a "'clear' abuse of discretion" that refusing transfer would produce a "'patently erroneous result.'" *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008); *see also In re Apple*, 979 F.3d at 1336; *In re Nitro Fluids, L.L.C.*, 978 F.3d 1308, 1310–11 (Fed. Cir. 2020). Under Fifth Circuit law, where a decision applies transfer rules, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 317 n.7 (5th Cir. 2008) (en banc), quoted in *In re EMC*

---

[3]    The district court denied SK hynix's alternative request to transfer the case from the Waco division to the Austin division of the Western District of Texas. Appx662. SK hynix does not challenge that ruling here.

IN RE: SK HYNIX INC.

*Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013). We do not find the required clear abuse resulting in a patently erroneous result.

## A

As to § 1404(a), we see no clear abuse regarding the district court's determination that SK hynix did not meet the threshold requirement for transfer under the statute. SK hynix did not differentiate between the foreign and domestic SK hynix entities for purposes of its transfer motion. The district court properly focused on whether the present action "might have been brought" against the domestic entity and whether, in the alternative, "all parties have consented" to venue in the Central District of California. It concluded that neither alternative basis for a § 1404(a) transfer is met. SK hynix has not established a clear legal right to relief from those conclusions, which suffice to deny transfer.

When the statute contained only the "might have been brought" alternative, the Supreme Court explained: "[W]e do not see how the conduct of a defendant after suit has been instituted can add to the forums where it might have been brought. In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (cleaned up). The Supreme Court also cautioned against an interpretation of § 1404(a) that permitted transfer based on the "wish or waiver of the defendant." *Id.* The current language of § 1404(a) reinforces the understanding that the "might have been brought" alternative is not met by the defendant asserting that it would consent to venue in the proposed transferee forum. After *Hoffman* was decided, Congress amended § 1404(a) to add that a district court may transfer venue "to any district or division to which *all parties* have consented." (emphasis added). SK hynix has not shown a clear right to have the

"might have been brought" standard applied other than by applying the governing venue statutes for reaching a defendant without consent.

Here, SK hynix has not shown error in the district court's conclusion that 28 U.S.C. § 1400(b) governs venue over SK hynix America Inc. in this case and does not support venue. Under § 1400(b), venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." SK hynix America Inc. is a California corporation with its principal place of business in the Northern District of California, Appx95–96, and it resides there, not in the Central District of California, *see In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018) ("[W]e hold that for purposes of determining venue under § 1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to 'reside' only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located."). And SK hynix has not pressed any argument that SK hynix America Inc. has "a regular and established place of business" in the Central District of California. For that reason, SK hynix has not shown clear abuse in the district court's conclusion that this is not an action that "might have been brought" against SK hynix in that district.[4]

---

[4]   Nor has SK hynix established that § 1404(a), which is written in terms where the "action" sought to be transferred might have been brought, is clearly satisfied if the same claims might have been presented by amending a complaint in an earlier action, especially if there was no right to amend. *Cf. Phillips Petroleum Co. v. Fed. Energy Admin.*, 435 F. Supp. 1234, 1238 (D. Del. 1977) ("Th[e] dependence on other parties and a Court's discretion is

We also see no basis for disturbing, on this mandamus petition, the district court's conclusion that SK hynix also failed to establish applicability of the alternative threshold basis for a § 1404(a) transfer—namely, that all parties have consented to venue over this action in the Central District of California.  Netlist has objected, not consented, to such venue over *this* "action," § 1404(a).  And SK hynix has identified no legal authority establishing a clear legal right to an inference of consent as to this action from Netlist's conduct regarding other actions, including its filing of *California I & II* in the Central District of California.

In these circumstances, the district court did not clearly abuse its discretion causing a patently erroneous result when it determined that SK hynix did not meet the threshold conditions for transfer under § 1404(a).  We need not separately review whether the district court clearly abused its discretion, causing a patently erroneous result, in applying the multi-factor analysis under that provision.

B

As to the first-to-file rule, we conclude that the standard for mandamus relief is not met for the same reason. Specifically, SK hynix has not shown a clear legal right to a transfer under the first-to-file rule to a federal forum that could not be a transferee forum under the threshold requirements of § 1404(a).

The Supreme Court has long recognized that § 1404(a) modified common-law principles involving transfer between federal forums.  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ("When Congress adopted § 1404(a), it intended to do more than just codify the existing law on

_____

inconsistent with *Hoffman v. Blaski*, *supra*, and its progeny which teach that a party must have a right to be in the transferee forum before transfer to that forum can be ordered.").

forum non conveniens. . . . Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying."); *cf. Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting that the "transfer power is . . . expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'"). The first-to-file doctrine certainly has not been displaced, where § 1404(a)'s threshold conditions are met, as a tool affecting the customary multi-factor analysis of convenience and interests of justice. *See In re Nitro Fluids*, 978 F.3d at 1311. But it is a different question whether there is a legal right under the first-to-file rule to compel a transfer between federal forums when § 1404(a)'s threshold conditions are not met.

SK hynix has not shown that there is a clear right to use the first-to-file rule in that way. The Ninth Circuit has, in fact, answered that question against SK hynix's position. It has concluded: "A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance." *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). SK hynix has identified no contrary authority.

SK hynix cites *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999), but that decision is not to the contrary. In that case, involving review of a dismissal under the first-to-file rule, the Fifth Circuit concluded that the court with the second-filed case, in considering application of the first-to-file rule, need not decide whether the court with the first-filed case had jurisdiction *over the first-filed case*—a question, the Fifth Circuit ruled, that is properly left to the court with the first-filed case in front of it. *Id.* at 605. In contrast, the present matter involves the court with the second-filed case deciding whether the *second-filed* case (the one in front of it) could have been brought in the court with the first-filed case. *Cadle* does

12                                             IN RE: SK HYNIX INC.

not address that question, which is a question that
§ 1404(a) affirmatively directs the court with the second-
filed case to consider.

We conclude that SK hynix has not shown a clear legal
entitlement to a different conclusion from the one the dis-
trict court reached as to what is one sufficient basis on
which the district court rejected transfer under the first-to-
file rule. We need not separately address the district
court's analysis of the non-threshold factors for application
of the rule. This conclusion hardly leaves the two district
courts at issue, in Texas and California, without means, in-
cluding stays, to try to fulfill the first-to-file rule's objective
of avoiding "inconsistent judgments or waste of party and
judicial resources." *In re: VoIP-Pal.com, Inc.*, No. 2021-112,
2021 WL 650626, at *2 (Fed. Cir. Feb. 19, 2021).

IT IS ORDERED THAT:

(1) The petition is denied

(2) The motion to stay is denied.

FOR THE COURT

February 25, 2021          /s/ Peter R. Marksteiner
        Date                 Peter R. Marksteiner
                             Clerk of Court

s29